■ ANDREW FRANKS, Appellant, v. ARTHUR BROWN, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered February 24, 1965 in favor of defendant upon a jury verdict. Judgment affirmed, with costs. No opinion. Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Plaintiff passenger was injured when defendant drove his automobile into a utility pole at the end of a day which the parties had spent in each other's company, during which time both parties consumed a number of alcoholic drinks, many of which were apparently paid for by plaintiff. I do not agree with plaintiff's apparent contention that no question of contributory negligence arose because defendant testified that, despite having imbibed 10 "Tom Collins" drinks in less than four hours just prior to the accident, he felt "normal" and because plaintiff testified that defendant walked and talked normally when entering the car. The jury had a right to consider whether plaintiff knew or should have known how much defendant had had to drink and whether, knowing that, he should have declined to ride with defendant even if defendant appeared to be normal. I do agree, however, that a new trial should be ordered because of the possibility that the jury was confused by the trial court's charge to the jury on the issue of contributory negligence. The learned Trial Justice at first instructed the jury that, if they were satisfied from a fair preponderance of the evidence that defendant had consumed enough alcohol to impair his ability to drive an automobile and that his condition was known to plaintiff, the latter was guilty of contributory negligence. In subsequently restating this proposition, however, the court twice omitted any mention of the necessity to find that plaintiff either knew or should have known of defendant's condition. Under these circumstances a new trial should be directed and the issues submitted to a jury under proper instructions.

■ HYMAN HABER, as Administrator of the Estate of HARRY HABER, Deceased, Appellant, v. TOWN OF HUNTINGTON et al., Respondents.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered December 9, 1963 in favor of defendants upon a jury verdict. Judgment affirmed, with costs. In our opinion, there was sufficient evidence to support the verdict of the jury in favor of defendants. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.

■ ARLYNN HORNREICH, Respondent, v. KENNETH K. HORNREICH, Appellant.— In an action for separation, the defendant husband appeals from an order of the Supreme Court, Kings County, entered June 12, 1966, which awarded the wife temporary alimony (including payment of apartment rents) and counsel fees. Order modified by reducing the amount awarded for alimony from $60 per week to $30 per week. As so modified, order affirmed, without costs. In our opinion, under the circumstances presented, considering the rental allowance made and the amount of defendant's money appropriated by plaintiff, the temporary weekly alimony should be reduced to the amount indicated. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.